**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

ANGEL DAVID RIOS-ROSA,           )
                                 )
            Plaintiff,           )
                                 )            No.  1:23-CV-117-PLC
    v.                           )
                                 )
JOHN A. ROSS,                    )
                                 )
            Defendant.           )

<u>**MEMORANDUM AND ORDER**</u>

This matter is before the Court for review of Plaintiff Angel Rios-Rosa's motion for leave to proceed *in forma pauperis*, and civil complaint.  The Court has reviewed the motion and has determined to grant it and assess an initial partial filing fee of $.75.  Additionally, the Court has conducted the required review of the complaint and has determined to dismiss this action without prejudice.

**Initial Partial Filing Fee**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action without prepaying fees and costs is required to pay the full amount of the filing fee.  If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is fully paid.  *Id.*

Plaintiff has not submitted a copy of his inmate account statement, but he states he receives monthly wages of $3.75.  Based upon that information, the Court assesses an initial partial filing fee of $.75.  *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances.").  Any claim that Plaintiff is unable to pay that amount must be supported by a current certified copy of his inmate account statement.

## Legal Standard

This Court is required to review *in forma pauperis* complaints to determine whether summary dismissal is appropriate.  The Court is required to dismiss a case if it determines at any time that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

This Court liberally construes complaints filed by laypeople.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  "Liberal construction" means that "if the essence of an allegation is discernible," the court "construe[s] the complaint in a way that permits the layperson's claim to be considered within the proper legal framework."  *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)).  However, even *pro se* complaints must allege facts that, if true, state a claim for relief as a matter of law.  *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).  The Court need not assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor must it interpret procedural rules to excuse mistakes by those who proceed without counsel.  *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

2

## The Complaint

Plaintiff filed the complaint pursuant to 42 U.S.C. § 1983 against the Honorable John A. Ross, Senior United States District Judge.  Because Judge Ross is a federal government official, the Court liberally construes this action as filed pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  Plaintiff placed check marks to indicate his intent to sue Judge Ross in his official and individual capacities.

Plaintiff indicates that Judge Ross presided over his prior civil case, *Rios-Rosa v. Hills,* No. 1:23-CV-00014-JAR (E.D. Mo. Jun. 6, 2023).  Plaintiff sets forth his statement of claim in a confusing manner, however, it is clear that he claims Judge Ross is liable to him for dismissing *Rios-Rosa v. Hills* without setting it for trial.  Specifically, Plaintiff alleges as follows:

> JUDGE JOHN A. ROSS HAD HAS IT CLOSED CASE # 1:23-CV-00014-JAR WITH OUTS SETTING A TRIALS DOING ALSO MINES FIRTS REQUIREMENT WAS IT GOES TO A TRIALS.

Doc. [1] at 4. (emphasis in original).[1]  As relief, Plaintiff seeks an award of "47 MILLIONS BECAUSE HE DENYING BROUGH MYSELF PERSONALITY TO A TRIALS".  *Id.* at 5 (emphasis in original).[2]  Plaintiff seeks no other form of relief.

## Discussion

Judge Ross is entitled to judicial immunity as to Plaintiff's individual-capacity claims for damages.  Because a judge, exercising the authority in which he is vested, should be free to act upon his own convictions, judicial immunity immunizes him from suit.  *Hamilton v. City of Hayti, Missouri*, 948 F.3d 921, 925 (8th Cir. 2020).  "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages."  *Mireles v. Waco*, 502 U.S. 9, 11 (1991).  In this case, the allegedly wrongful acts were clearly

---

[1,2] The text is quoted verbatim without correction of errors.

judicial acts, and there is no indication that Judge Ross acted without jurisdiction.  He is therefore entitled to judicial immunity.  *See Cleavinger v. Saxner,* 474 U.S. 193, 199-200 (1985) (citations omitted) (describing the applicability of judicial immunity).  Plaintiff's individual-capacity claims for damages will therefore be dismissed on the grounds of judicial immunity.

Plaintiff's official-capacity claims for damages must also be dismissed.  Generally, the doctrine of federal sovereign immunity provides that the United States cannot be sued without the consent of Congress.  *Block v. N. Dakota ex rel. Bd. of Univ. & Sch. Lands*, 461 U.S. 273, 287 (1983).  As a United States District Court judge, Judge Ross is part of the United States government for purposes of sovereign immunity.  *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985).  In this case, there is no indication of any waiver of sovereign immunity.  Therefore, sovereign immunity applies to Plaintiff's official-capacity claims for damages against Judge Ross, and this Court lacks jurisdiction over them.  *See, e.g., FDIC v. Meyer*, 510 U.S. 471, 475 (1994) (sovereign immunity is jurisdictional in nature).

For all of the foregoing reasons, the Court dismisses this case without prejudice.  The Court also denies as moot Plaintiff's motion seeking the appointment of counsel.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. [2], is **GRANTED**.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this order, Plaintiff must pay an initial filing fee of $.75. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) this case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice.  A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel, Doc. [3], is **DENIED as moot**.

Dated this18th day of July, 2023.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE